IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| 10 PEARLS LLC, ) | |
| ) | |
| Petitioner/Counter Defendant, ) | |
| ) | |
| v. ) | Civil Action No. 1:24-cv-2247 (RDA/IDD) |
| ) | |
| PIPELINE EQUITY, INC., ) | |
| ) | |
| Respondent/Counter Claimant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner/Counter Defendant 10 Pearls LLC's ("Pearls") Motion to Dismiss Counterclaim (Dkt. 9). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering the Motion together with the Petition (Dkt. 1), Defendant Pipeline Equity, Inc.'s ("Pipeline") Answer and Counterclaim (Dkt. 6), Pearls' Memorandum in Support (Dkt. 10), Pipeline's Opposition (Dkt. 16), and Pearls' Reply Brief (Dkt. 17), this Court GRANTS the Motion for the reasons that follow.

### I. BACKGROUND

On December 11, 2024, Pearls filed a Petition to Confirm Arbitration Award ("Petition"). Dkt. 1. Pearls asserts that, on September 13, 2024, arbitrator Gregory Beckwith entered an arbitration award in favor of Pearls and against Pipeline. *Id.* at 1; Dkt. 1-1. Pearls seeks confirmation of the award by this Court. *Id.*

On February 3, 2025, Pipeline filed its Answer and Counterclaim. Dkt. 6. In its Counterclaim, Pipeline asserts that, on October 3, 2024, after the Award issued, a principal at Pipeline, Katica Roy, spoke with Nicholas Hantzes, an attorney for Pearls. *Id.* at 4 ¶ 4. Pipeline

1

alleges that, during the conversation, Roy was authorized to speak for, negotiate on behalf of, and agree on behalf of Pipeline. *Id.* ¶ 5. Roy understood that Hantzes had similar authority. *Id.*

Pipeline asserts that, during this call, Roy and Hantzes reached a settlement agreement. *Id.* ¶ 7. It further alleges that, pursuant to that agreement, "Pipeline would assign intellectual property to 10 Pearls in exchange for a full and final release of all monetary and other aspects of the Award." *Id.* ¶ 7. Hantzes agreed to draft the documentation to set forth the terms of the settlement. *Id.* ¶ 8. He did so, and Roy approved the documentation and added the release language that Pipeline wanted. *Id.* ¶ 9. She then returned the documentation to Hantz. *Id.*

Pipeline asserts that "a valid and enforceable settlement agreement was reached" and that it "would be improper to confirm an arbitration award that has already been resolved and fully settled." *Id.* ¶ 12.

On February 19, 2025, Pearls filed its Motion. Dkt. 9. On March 5, 2025, Pipeline filed its Opposition. Dkt. 16. On March 8, 2025, Pearls filed its Reply. Dkt. 17.

On June 25, 2025, Pearls filed a notice that the deadline for summary judgment had passed and that no party had filed a motion for summary judgment. Dkt. 21.

## II.  STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's

favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion. *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

### III.  ANALYSIS

Pearls seeks to dismiss the Counterclaim on the basis that Pipeline has failed to plausibly allege that a settlement agreement was reached. Dkt. 10. The Court agrees and finds that Pipeline has failed to plausibly allege that there was a meeting of the minds.

Regardless of what law applies,[1] to establish the existence of an enforceable contract there must be a meeting of the minds as to the material terms. *See, e.g., French v. Centura Health Corp.*, 509 P.3d 443, 449 (Colo. 2022) ("Regarding mutual assent, in general, 'when parties to a contract ascribe different meanings to a material term of a contract, the parties have not manifested mutual assent, no meeting of the minds have occurred, and there is no valid contract.'"); *Moorman v. Blackstock, Inc.*, 276 Va. 64, 75 (2008) ("Perhaps, most importantly, 'mutuality of assent – the meeting of the minds of the parties – is an essential element of all contracts. Until the parties have a distinct intention common to both . . . there is a lack of mutual assent and, therefore, no

---

[1] For reasons that are not clear, Pipeline suggests that either Colorado or Virginia law could apply to determine the existence of the alleged contract.

3

contract.'"). Here, Pipeline's own allegations reflect a lack of mutual assent. Pipeline's allegations reflect that the parties' agreement was not final until it was reduced to writing. Dkt. 6 ¶ 8 (Hantzes "agreed to draft the documentation"). It is further clear based on Pipeline's allegations that, when the terms were reduced to writing, the parties did not actually agree on the terms. *Id.* ¶¶ 9, 10 (Roy added terms to the documentation prepared by Hantzes, Hantzes did not sign, and Pearls filed this lawsuit). Courts recognize that such negotiations as to terms reflect a lack of mutual assent and the lack of a valid and enforceable contract. *See Cole v Champion Enter., Inc.*, 305 F. App'x 122, 129 (4th Cir. 2008) ("Over the next few months, the parties continued to negotiate over the eventual final terms of the contract. These negotiations prevented Cole or Champion from reasonably believing that they were already obligated by an enforceable agreement."). Thus, Pipeline has failed to plausibly allege the existence of a valid and enforceable contract, and the Counterclaim will be dismissed.

Further evidencing the lack of mutual assent here is the lack of detail with respect to the terms of the alleged oral contract. Neither the Counterclaim nor the Declaration submitted in support identify: (i) the specific intellectual property Pearls was to receive; (ii) the form of the intellectual property that Pearls was to receive; or (iii) the scope of the release of claims against Pipeline. Dkts. 6, 6-1. Moreover, despite alleging that the parties exchanged documents solemnizing the terms of the alleged agreement, Pipeline failed to attach that purported agreement to its Counterclaim or Declaration. Because Pipeline has failed to allege mutual assent to the material terms of the contract (an essential element of a contract), the Motion to Dismiss will be granted.

4

IV.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED Pearls' Motion to Dismiss (Dkts. 9, 10)[2] is GRANTED; and it is

FURTHER ORDERED that the Counterclaim (Dkt. 6) is DISMISSED; and it is

FURTHER ORDERED that a pretrial conference is SCHEDULED in this matter for September 3, 2025, at 10 a.m. as discovery in this matter has closed and neither party has filed a motion for summary judgment.

It is SO ORDERED.

Alexandria, Virginia
August 13, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[2] Although Pearls only filed one Motion, the docket reflects a gavel next to both the Motion to Dismiss and the Memorandum in Support – Docket Entries 9 and 10.  The Clerk of Court is DIRECTED to terminate the gavel for both docket entries.